IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ALLIED OILFIELD MACHINE & PUMP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>XL SPECIALTY INSURANCE CO., PETER DANESE, DANIEL LERCH and ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, LLC<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 5:26-cv-126 |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE FEDERAL DISTRICT JUDGE:

Plaintiff, ALLIED OILFIELD MACHINE & PUMP, LLC, files this First Amended Complaint against Defendants, XL SPECIALTY INSURANCE COMPANY ("XL Specialty"), and ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, LLC ("Gallagher"), and for causes of action would respectfully show the Court the following:

## I. PARTIES

1. Plaintiff is Allied Oilfield Machine & Pump, LLC.

2. Defendant XL SPECIALTY INSURANCE COMPANY is in the business of insurance in the State of Texas. The insurance business done by XL SPECIALTY INSURANCE COMPANY in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with Plaintiff;
- The taking or receiving of application for insurance, including Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from Plaintiff; and

3. The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including Plaintiff.

Defendant XL SPECIALTY INSURANCE COMPANY has been served with process.

4. Defendant ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, LLC (previously incorrectly named as Arthur J. Gallagher of Texas) is in the business of insurance in the State of Texas. The insurance business done by Gallagher includes marketing and selling insurance products, offering advice to clients relating to insurance products and filing insurance applications on behalf of insureds in the State of Texas. Defendant Gallagher may be served with process by ***Certified Mail, Return Receipt Requested*** at its place of business at Six Desta Drive, Suite 5900, Midland, TX 79705.

## II. Jurisdiction and Venue

5. This Court has jurisdiction in this case due to the undisputed complete diversity of citizenship between the parties. 28 U.S.C. §1332(a). Venue is proper in the Federal Northern District of Texas—Lubbock Division. Many of the acts and actionable conduct of the Defendants occurred in this District. The property is located in this District and Division.

## III. Nature of the Case; Relief Sought

6. This is a first-party insurance case stemming from extensive damage to Plaintiff's property from a wind and/or hail storm which occurred on or about May 29, 2024. Plaintiff seeks damages for breach of contract, violations of the Texas Insurance Code, and common law bad faith. Plaintiff seeks attorney's fees, statutory penalties, exemplary, punitive, and/or additional damages, costs of court and pre- and post-judgment interest and expert costs. Upon information

and belief, XL Specialty intends to defend this case by alleging that the insurance policy procured on behalf of Plaintiff by Gallagher does not cover business interruption for damage to Plaintiff's buildings except for the Admin Office.

7. To the extent this allegation regarding the Policy is found to be legally or factually accurate, Plaintiff seeks damages against Gallagher for breach of contract, violations of the Texas Insurance Code, negligence and negligent misrepresentation. Plaintiff seeks attorney's fees, statutory penalties, exemplary, punitive, and/or additional damages, costs of court and pre- and post-judgment interest and expert costs.

8. Upon information and belief, XL Specialty intends to defend this case by alleging that Plaintiff failed to submit documentation required under the Policy to entitle Plaintiff to recover policy benefits for business interruption and damage to its business personal property. To the extent this allegation regarding the Policy is found to be legally or factually accurate, Plaintiff seeks damages against Gallagher for violations of the Texas Insurance Code due to misrepresentations made by Daniel Lerch ("Lerch") as claims advocate during the insurance claim. Lerch advised and represented that documentation supporting its claim should only be submitted once the coverage issue was resolved.

9. Plaintiff is a business with its primary address being P.O. Box 879, Levelland, Texas 79336 and additional addresses that are covered by the insurance policy at issue in this matter (100 Hulon Moreland Road, Levelland, TX 79336; 202 Hulon Moreland Road, Levelland, TX 79336 (two buildings); 204 Hulon Moreland Road, Levelland, TX 79336, 102 Industrial, Levelland, TX 79707 (two buildings); 103 Industrial Drive, Levelland, TX 79336 (two buildings); 1818 13th Street, Levelland, TX 79336; 12722 TX-191 Frontage, Midland, TX 79707) (together, the "Properties")). The Properties have been covered by a policy of insurance numbered

UM00110664MA24A, issued by Defendant XL Specialty to Plaintiff ("the Policy"). The Policy covered Plaintiff's Properties against loss by wind and hail damage, among other perils.

10. The insured buildings operate collectively as one facility that manufactures oil and gas equipment. As part of its business operation, Plaintiff insures its buildings, business personal property, and business income from loss by purchasing insurance policies through an insurance broker. Plaintiff had an ongoing business relationship with Arthur J. Gallagher Risk Management Service, LLC for a number of years. On or about February 21, 2020, Plaintiff entered into an agreement with Gallagher where Gallagher would procure insurance policies on its behalf as its exclusive agent of record in exchange for commissions on the policies purchased and serviced through Gallagher.

11. Gallagher holds itself out as a "true partner" who has "expertise to understand your business." Gallagher visited Plaintiff's business, inspected the buildings and discussed the specifics of Plaintiff's business operations, buildings and equipment. Plaintiff provided Gallagher with information about the buildings on a form provided by Gallagher. The forms provided to Plaintiff by Gallagher included business income values indicating that the business income limits for the Parts Warehouse, Machine Shop, Hot Oil Shop Fabrication Shop, Small Repair Shop and Rig Up Shop were "included above" in the business income limits for the Admin Office. Based on Gallagher's recommendations and representations, Plaintiff purchased a policy of insurance from XL Specialty for its business.

12. From its communications with Plaintiff, Gallagher knew or should have known that the business income coverage required by Plaintiff needed to extend to all buildings. Allied specifically informed Gallagher that interruption of services at any one of the buildings would impact the operations and income of the entire business.

13. Based upon the recommendations and representations of Gallagher, Plaintiff agreed to coverage procured by Gallagher through XL Specialty to provide property insurance on Plaintiff's Properties, which included coverage for buildings, business personal property, and business income.

14. As a consequence of a wind and/or hail storm on or about May 29, 2024, Plaintiff's property sustained extensive damage. Plaintiff gave timely notice to XL Specialty of the loss.

15. XL Specialty investigated and adjusted the loss.

16. Plaintiff provided information to the adjusters and opportunities for the adjusters to inspect the property.

17. XL Specialty has failed and refused to pay Plaintiff in accordance with their promises under the Policy.

18. Gallagher, through its procurement of coverage for Plaintiff from XL Specialty, failed to procure proper and adequate insurance coverage for Plaintiff by failing to procure an insurance policy that covers Plaintiff's Properties, business personal property, and business income from loss.

## IV. CLAIMS AGAINST XL SPECIALTY

19. **Declaratory Judgment.** Plaintiff re-alleges the foregoing paragraphs. Pursuant to the Texas Declaratory Judgment Act, Plaintiff is entitled to a declaration that the Policy provides coverage for the cost to repair the damaged property, damaged business personal property and business income loss less a deductible, among other things. In the alternative, Plaintiff asserts that the Policy is ambiguous and must be interpreted in favor of coverage and against Defendant.

20. **Breach of Contract.** Plaintiff re-alleges the foregoing paragraphs. The acts and omissions of XL Specialty and its agents constitute a breach and/or anticipatory breach of the

insurance contract with Plaintiff. Plaintiff has satisfied all conditions precedent to the fulfillment of their contractual demands. The damage to Plaintiff's property is covered under the Policy issued by XL Specialty and XL Specialty has failed to pay for all covered damage. Accordingly, additionally or in the alternative, Plaintiff brings an action for breach of contract against Defendant pursuant to Texas statutory and common law and seeks all of their damages for such breach, including actual damages, consequential damages, attorneys' fees, prejudgment interest, other litigation expenses and costs of court.

21. **Violations of the Texas Insurance Code.** Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, Defendant XL Specialty was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of Defendant XL Specialty and its agents constitute one or more violations of the Texas Insurance Code. Specifically, XL Specialty failed to pay for the covered loss even though XL Specialty and its adjuster(s) knew the covered damage to the Property was severe and failed to conduct a reasonable investigation. XL Specialty's conduct herein violates the following provisions of the Texas Insurance Code:

1. Insurance Code chapter 542, the Prompt Payment Act.
2. Insurance Code chapter 541, section 541.060 by, among other things:
    - failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;
    - failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims; and/or
    - refusing to pay Plaintiff's claim without conducting a reasonable investigation.

22. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code. XL Specialty also violated the Prompt Payment Act, and Plaintiff seeks the maximum statutory penalty, plus reasonable and necessary attorney's fees incurred as a result of these violations.

23. **Attorney's fees.** Plaintiff re-alleges the foregoing paragraphs. Plaintiff has been required to engage the services of the undersigned attorneys and has agreed to pay its attorneys a reasonable fee for services expended and to be expended in the prosecution of its claims against the defendant through the trial court and all levels of the appellate process. Plaintiff seeks the recovery of all of their attorney's fees and expenses.

24. With respect to all causes of action asserted herein, Plaintiff seeks the recovery of prejudgment and post-judgment interest.

## V. Claims Against Arthur J. Gallager Risk Management Services, LLC

25. **Breach of Contract.**

Plaintiff re-alleges the foregoing paragraphs. Plaintiff contracted with Gallagher to identify and purchase for them the proper insurance coverage for its commercial business. Defendant procured for them polices which they represented to Plaintiff were what they expected and accepted a commission for their services. However, Defendant breached their contract with Plaintiff as the insurance ultimately provided to the Plaintiff did not provide the protection Plaintiff hired Defendant to secure or as represented to Plaintiff. Plaintiff has been damaged by the Defendant's breach and seeks its actual damages, consequential damages, attorney's fees, and rescission of the commission paid to the Defendant.

26. The acts and omissions of Gallagher and its agents constitute a breach of the contract with Plaintiff. On or about April 10, 2024, Defendant presented Plaintiff with its "Allied Final Gold" proposal for various insurance benefits which it recommended to Plaintiff. The proposal, among other things, stated that the proposed policy would cover Plaintiff's business income up to $1,000,000.00:

| Standard Coverages | Proposed |
|---|---|
| Building - Loc.#/Bldg.# - 1/1 | $300,000 |
| Business Personal Property - Loc.#/Bldg.# - 1/1 | $50,000 |
| Income Coverage - Loc.#/Bldg.# - 1/1 | $1,000,000 |
| Building - Loc.#/Bldg.# - 2/1 | $330,000 |
| Business Personal Property - Loc.#/Bldg.# - 2/1 | $450,000 |
| Building - Loc.#/Bldg.# - 2/2 | $450,000 |
| Business Personal Property - Loc.#/Bldg.# - 2/2 | $100,000 |
| Building - Loc.#/Bldg.# - 3/1 | $120,000 |
| Business Personal Property - Loc.#/Bldg.# - 3/1 | $ 235,000 |
| Building - Loc.#/Bldg.# 4/1 | $ 120,000 |
| Business Personal Property - Loc.#/Bldg.# - 4/1 | $ 50,000 |
| Building - Loc.#/Bldg.# 4/2 | $ 240,000 |
| Business Personal Property - Loc.#/Bldg.# - 4/2 | $ 100,000 |
| Building - Loc.#/Bldg.# - 5/1 | $ 300,000 |
| Business Personal Property - Loc.#/Bldg.# - 5/1 | $ 950,000 |
| Building - Loc.#/Bldg.# - 5/2 | $ 50,000 |
| Business Personal Property - Loc.#/Bldg.# - 5/2 | $ 50,000 |
| Business Personal Property - Loc.#/Bldg.# - 6/1 | $ 10,000 |
| Business Personal Property - Loc.#/Bldg.# - 7/1 | $15,000 |
| Catastrophe Limit | $4,920,000 |
| Income Coverage - Earning and Extra Expense : The most we will pay for loss at any one covered location | $1,000,000 |

27. Regarding "Income Coverage" the proposal stated that "The most we will pay for loss **at any one covered location**" was $1,000,000.00. Plaintiff relied on the proposal provided by Gallagher and purchased the Policy. XL Specialty has refused to pay business income benefits under the Policy under the belief that the income coverage only applies to one building. To the extent XL Specialty's refusal is found to be accurate, Gallagher's representations to Plaintiff in the Allied Final Gold Proposal were false, misleading and violate Texas Insurance Code chapter 541.061(3).

28. Plaintiff has satisfied all conditions precedent to the fulfillment of their contractual demands. Accordingly, additionally or in the alternative, Plaintiff brings an action for breach of contract against Defendants pursuant to Texas statutory and common law and seek all of their damages for such breach, including actual damages, consequential damages, attorneys' fees, prejudgment interest, other litigation expenses and costs of court.

**Violations of the Texas Insurance Code.**

29. Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, Lerch was the agent of Gallagher such that the acts and/or omission of Lerch are imputed to Gallagher. The acts and omissions of Lerch constitute one or more violations of the Texas Insurance Code. Lerch performed as the "Claim Advocate" on behalf of Plaintiff. Lerch was assigned by Gallagher as the Claim Advocate for Plaintiff's loss. In doing so, Gallagher and Lerch undertook the responsibility to coordinate with XL Specialty, clarify any disagreements about coverages under the Policy and to advise Plaintiff properly regarding the proper steps to take in the claim. Instead of advocating and/or adding clarity to the claims process, Lerch injected uncertainty and confusion regarding the coverages that were in dispute.

30. Further, on or about September 4, 2025, Lerch advised Plaintiff – through its agent – that Plaintiff should hold off on submitting its estimates for any coverages under the Policy to XL Specialty until the issue regarding the business interruption coverage was resolved. In fact, Lerch represented to Plaintiff that they should "hold off" of all communications with XL Specialty until Lerch had "solved the issue" with the business interruption coverage. This advice was a misrepresentation of the Policy and/or the facts under which the insurance claim should have been provided to XL Specialty under the Policy. Lerch's representation in this regard damaged Plaintiff by injecting confusion and uncertainty into the claims process, delaying the presentation of

Plaintiff's claim and ultimately precluding Plaintiff from recovering important insurance benefits owed under the Policy in the event XL Specialties defenses have merit.

31. Lerch's conduct described herein violates the following provisions of the Texas Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting to a claimant a material fact or policy provision relating to coverage at issue; and/or
- making a statement in a manner that would mislead a reasonable person to a false conclusion of material fact.

32. Where statements were made by Lerch, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Texas Insurance Code.

33. **Negligence**. Plaintiff re-alleges the foregoing paragraphs. Defendant Gallagher was Plaintiff's insurance broker and agent. Defendant Gallagher owed Plaintiff a duty to procure for it the insurance that it requested. Defendant Gallagher breached that duty when they procured for Plaintiff insurance that was inadequate for Plaintiff's business, not what Plaintiff had requested and certainly not what a reasonably competent professional broker and insurance agent would provide in similar circumstances. Defendant Gallagher did not inform Plaintiff that the XL Specialty Policy did not provide the business income coverage under the Policy did not cover damage to any building other than the Admin Shop. Plaintiff suffered damages due to the Defendant's failure to secure proper insurance coverage. Such conduct constitutes negligence on the part of Defendant Gallagher.

34. **Negligent Misrepresentation**. Plaintiff re-alleges the foregoing paragraphs. Defendant Gallagher represented to Plaintiff that they were experts in commercial business insurance. As Plaintiff's longtime insurance broker and agent, Defendant Gallagher represented to Plaintiff that they knew and were aware of the insurance needs of Plaintiff's complicated business. Plaintiff purchased many policies through Defendant Gallagher and each year Defendant Gallagher represented to the Plaintiff that it had coverage for business interruption at each building because it was included in the coverage identified for the Admin Office building. Unbeknownst to Plaintiff, the insurance provided by XL Specialty that Defendant Gallagher selected for Plaintiff did not provide business interruption coverage for any building at the property besides the Admin Office. This representation was false when made. Defendant Gallagher negligently represented the nature of the Policy procured from XL Specialty. Plaintiff relied on the misrepresentations of Defendant Gallagher as to the scope of coverage provided by the Policy. Plaintiff has suffered significant damages as a result of Defendant Gallagher's negligent misrepresentations as they never would have accepted the Policy if Defendant Gallagher had properly represented the Policy to Plaintiff and would have purchased a policy that covered the business income as requested. Such actions constitute negligent misrepresentations.

35. **Attorney's fees.** Plaintiff re-alleges the foregoing paragraphs. Plaintiff has been required to engage the services of the undersigned attorneys and has agreed to pay its attorneys a reasonable fee for services expended and to be expended in the prosecution of its claims against the defendant through the trial court and all levels of the appellate process. Plaintiff seeks the recovery of all of their attorney's fees and expenses.

36. With respect to all causes of action asserted herein, Plaintiff seeks the recovery of prejudgment and post-judgment interest.

## VI. CONDITIONS PRECEDENT

37. All conditions precedent for Plaintiff to recover under the policy and/or the contract have been or will be met. All notices and proofs of loss were timely and properly given to Defendants in such a manner as to fully comply with the terms and conditions of the relevant insurance policy or other contracts and applicable law. In the alternative, Plaintiff alleges that as to any such terms, conditions, notices, or requests, Defendants waived them. Defendants are estopped from asserting them, and/or the Plaintiff substantially complied with them, or is excused. Plaintiff makes the same allegation of waiver or estoppel as to every defense or exclusion pled by Defendants, as to each claim for breach of contract or statutory violation as to Defendants.

38. In addition, as to any exclusion, condition, or defense pled by Defendants, Plaintiff would show that:

- The clear and unambiguous language of the policy provides coverage for damage to the Property caused by hail damage and damages resulting therefrom;
- In the alternative, any other construction of the language of the policy is void as against public policy;
- Any other construction and its use by the Defendants violates the Texas Insurance Code section 541 et. seq. and is void as against public policy;
- Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.
- In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policy mandate the construction and interpretation urged by Plaintiff;
- In the alternative, Defendants are judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

39. In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring reformation.

## VII. Jury Demand

40. Plaintiff requests that a jury be convened to try the factual issues in this action.

## Prayer

WHEREFORE, Plaintiff seeks the following relief:

A. The Court's declaration that the Policy provides coverage for the damage to the Property, less only a deductible;

B. Alternatively, a ruling that the Policy is ambiguous and must be interpreted in favor of coverage and in favor of Plaintiff;

C. Damages against Defendant XL SPECIALTY for breach of contract, including actual damages, consequential damages, attorneys' fees, pre- and post-judgment interest, other litigation expenses and costs of court;

D. Damages against Defendants XL SPECIALTY for Insurance Code and extra-contractual claims including actual, exemplary and/or treble damages;

E. Damages against Defendant XL SPECIALTY for violations of chapter 542 of the Texas Insurance Code including statutory penalty and attorneys' fees;

F. Damages against Defendant Arthur J. Gallager Risk Services, LLC for breach of contract, including actual damages, consequential damages, attorneys' fees, pre- and post-judgment interest, other litigation expenses and costs of court;

G. Damages against Defendants Arthur J. Gallager Risk Services, LLC, for Insurance Code and extra-contractual claims including actual, exemplary and/or treble damages;

H. Damages against Defendants Arthur J. Gallager Risk Services, LLC, for negligence and negligent misrepresentation;

I. Attorneys' fees; and

J. Any other relief to which Plaintiff would be justly entitled.

Respectfully submitted,

**GRAVELY, PC**
16018 Via Shavano
San Antonio, Texas 78249
Telephone: (210) 961-8000
Facsimile: (210) 971-6143

By: ______________________________
Marc E. Gravely
State Bar No. 00787582
mgravely@gravely.law
Jonathan C. Lisenby
State Bar No. 24072889
jlisenby@gravely.law

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that on the 7th day of July, 2026 a true and correct copy of the above and foregoing was served on all counsel pursuant to the Federal Rules of Civil Procedure via e-file:

______________________________
Jonathan C. Lisenby